LELIA MOORE NEWMAN, Respondent, v. WALTER GEORGE NEWMAN,
Appellant.

*Decree of divorce awarding the custody of a child of the marriage to the wife — appli-
cation for leave to modify it in respect to the right of the wife to take the child out
of the jurisdiction — when properly denied.*

Where a decree of divorce rendered in favor of a wife against her husband
awards the custody of the child of the marriage to the wife, " with the privi-
lege to the defendant of knowing her whereabouts at all times and of calling
on her and seeing her at all reasonable and proper hours," an application by
the husband pursuant to section 1771 of the Code of Civil Procedure for leave
"to move to modify the directions in said judgment providing for the custody,
care, education and maintenance of the said child of said marriage, Marion Eliza-
beth Newman, *by providing for her residence or custody within the jurisdiction of
this court, or at such other place beyond its jurisdiction as will enable the defendant
to visit and care for her,*" is properly denied, where it appears that although
the plaintiff had taken the child to reside with her in the State of Virginia, the
defendant himself had become a resident of the latter State.

*Semble*, that if it had appeared that the defendant was still a resident of the State
of New York, it would be the duty of the court to grant the application.

*Semble*, that if the defendant had sought for leave to move to modify the judgment
of divorce, so as to define what was meant and intended by the clause which
entitled him to call upon and see his child at all reasonable and proper hours,
he might well have been entitled to relief upon proof that what he deemed
reasonable access had been denied him.

APPEAL by the defendant, Walter George Newman, from an
order of the Supreme Court, made at the Kings County Special
Term and entered in the office of the clerk of the county of Kings
on the 27th day of December, 1904, denying the defendant's motion
for leave to modify a judgment of divorce in favor of plaintiff
theretofore entered in the above-entitled action.

*Howard A. Sperry* [*Elmer G. Story* with him on the brief], for
the appellant.

*Joseph Brewster*, for the respondent.

WILLARD BARTLETT, J. :

The Supreme Court, by virtue of the provisions of section 1771
of the Code of Civil Procedure, now possesses the power to modify
the directions contained in a final judgment of divorce for the

custody, care, education and maintenance of any of the children of the marriage upon the application of either party to the action upon due notice to the other. " But no such application shall be made by a defendant unless leave to make the same shall have been previously granted by the court by order made, upon or without notice as the court in its discretion may deem proper, after presentation to the court of satisfactory proof that justice requires that such an application should be entertained."

The final judgment of divorce in the present action awarded the custody of Marion Elizabeth Newman, the child of the marriage, to the plaintiff, Lelia Moore Newman, " with the privilege to the defendant of knowing her whereabouts at all times and of calling on her and seeing her at all reasonable and proper hours."

The defendant asked leave " to move to modify the directions in said judgment providing for the custody, care, education and maintenance of the said child of said marriage, Marion Elizabeth Newman, *by providing for her residence or custody within the jurisdiction of this court or at such other place beyond its jurisdiction as will enable the defendant to visit and care for her.*" The court at Special Term refused to grant the desired leave and the defendant has appealed.

The papers read upon the application showed that the plaintiff had taken the child to reside with her in the State of Virginia, and if it had appeared that the defendant was still a resident of this State, we think the court could not properly have refused to entertain the motion which he wished to make to modify the decree so as to require the child to be kept within the jurisdiction of the Supreme Court here, or at all events at a place conveniently accessible from New York. It was shown, however, that the defendant himself had become a resident of Virginia; that he had described himself as a resident of that State in a proceeding which he instituted in a Virginia court to obtain custody of the child, and, hence, it was evident that the modification of the divorce judgment for which he proposed to move ought not in any event to be granted, for it could not possibly conduce to his convenience in visiting the child that she should be kept in New York, or near New York, while he resided in Virginia.

It appearing without dispute that the father and mother and

child all now reside in that Commonwealth, it was manifest that the modification specified in the defendant's order to show cause as that for which he desired to move was a modification to which he was not entitled. Hence it was proper to deny him leave to move therefor. The case is not like *Matter of Wing* (5 T. & C. 205), which was an application for leave to sue the committee of a lunatic, where the statements of fact by the opposing parties were irreconcilable, and where it was held to be improper to refuse such leave when there was a direct conflict upon the merits. Here there is no conflict upon the question on which the propriety of the desired modification depends, that is, the present residence of both parents and the child of the marriage.

If the defendant had sought for leave to move to modify the judgment of divorce, so as to define what was meant and intended by the clause which entitled him to call upon and see his child at all reasonable and proper hours, he might well have been entitled to relief upon proof that what he deemed reasonable access had been denied him. The learned counsel for the appellant indicated in his oral argument that he understood such to be the purport of his motion; but we do not so regard it, in view of the phraseology of the order to show cause. We must deal with the motion as it was made, and our conclusion is that it was properly denied upon the proofs presented.

HIRSCHBERG, P. J., WOODWARD, JENKS and MILLER, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.